UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORALBA RODRIGUEZ-SOTO and URBANO PATINO, Administrators Ad Prosequendum of the Estate of Boris A. Patino,<br>　　　　Plaintiffs,<br><br>v.<br><br>AIDEN REGO, KATHERINE BURGER, TIMSI RAO and FORWARD AIR, LLC,<br><br>　　　　Defendants. | C.A. No. 24-CV-10284 |
| FORWARD AIR, LLC,<br><br>　　　　Defendant / Third-Party Plaintiff,<br><br>v.<br><br>TOTAL QUALITY LOGISTICS, LLC, and HILL TOP LOGISTICS LLC,<br><br>　　　　Third-Party Defendants. | |

**FORWARD AIR, LLC'S THIRD-PARTY COMPLAINT AND JURY DEMAND AGAINST TOTAL QUALITY LOGISTICS, LLC**

**PARTIES**

1. The Defendant/Third-Party Plaintiff, Forward Air, LLC, incorrectly named as Forward Air, Inc. ("Forward Air"), is a Tennessee limited liability company with a principal place of business at 1915 Snapps Ferry Road, Building N, Greeneville, Tennessee.

2. The Third-Party Defendant, Total Quality Logistics, LLC ("TQL"), is an Ohio limited liability company with a principal place of business at 4289 Ivy Pointe Blvd., Cincinnati, Ohio.

## JURISDICTION

3. This Court has subject matter jurisdiction over Forward Air's third-party claims based on diversity of citizenship under 28 U.S.C. § 1332(a), as this third-party complaint is between citizens of different states, and the amount of the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over TQL because this action arises from a motor vehicle accident that occurred on an interstate highway in Massachusetts.

## FACTS COMMON TO ALL COUNTS

5. Forward Air hired TQL to act as a transportation broker.

6. Specifically, Forward Air hired TQL to "arrange for the over-the-road transportation of shipments from and to various locations throughout North America (including Canada and Mexico)" on Forward Air's behalf.

7. TQL agreed to contract "directly with third-party motor carriers . . . to provide the actual transportation services from origin to destination for shipments tendered by" Forward Air.

8. TQL further agreed to "require by written contract that each Underlying Carrier providing transportation services agree to" detailed safety and compliance requirements.

9. TQL agreed to require each Underlying Carrier, at its sole cost and expense, to "(a) furnish all equipment necessary to service shipments tendered by Forward Air under this Agreement, (the "Equipment"); (b) pay all expenses related to the use or operation of the Equipment; (c) maintain Equipment in good repair, mechanical condition and appearance; and (d) utilize only competent, able and legally licensed personnel."

10. TQL agreed to require each Underlying Carrier to inspect or examine any trailers provided by Forward Air.

11. TQL agreed to require each Underlying Carrier, in addition to TQL itself, "to defend, indemnify against, and hold harmless Forward Air from any and all claims, actions, losses, expenses, fines, fees, verdicts, judgments, or any other damages, obligations, or liabilities, including attorneys' fees, arising pursuant to the services provided to Forward Air which occur after acceptance of the load by Underlying Carrier."

12. TQL contracted with Hill Top Logistics as an Underlying Carrier to transport a Forward Air trailer.

13. The plaintiff's decedent, Boris A. Patino, was employed by Hill Top Logistics as a truck driver.

14. On August 6, 2021, Patino was driving a commercial truck owned and maintained by Hill Top Logistics. Under Forward Air's agreement with TQL, Hill Top Logistics was transporting a trailer owned by Forward Air.

15. Shortly before 7 p.m. on August 6, 2021, as Patino was driving westbound on Interstate 90 in Boston, he applied the brakes and saw smoke emanating from the truck or trailer. He pulled over into the breakdown lane and exited the truck to investigate the source of the smoke.

16. As Patino was standing on the left side of the truck, the same side as passing traffic, Aiden Rego lost control of his vehicle, collided with another vehicle, and crashed into the truck. Patino was pinned against the truck and passed away at the scene.

17. On August 9, 2021, the Massachusetts State Police conducted an investigation of the tractor-trailer. The State Police determined that the truck's service brakes had not been properly repaired. In fact, the left set of brakes was missing or inoperative.

18. The failure of the truck's service brakes triggered a safety mechanism that engaged the parking brakes on the Forward Air trailer as the truck was traveling at highway speed. This generated the smoke that led Patino to pull over.

19. But for TQL's failure to ensure that Hill Top Logistics maintained its trucks' service brakes in good repair, the trailer's parking brakes would not have engaged, and Patino would not have had to pull over.

## COUNT I: CONTRACTUAL INDEMNITY

20. Forward Air repeats the allegations set forth in paragraphs 1 through 19 above and refers to the same as if specifically set forth herein.

21. Having agreed in the contract "to defend, indemnify against, and hold harmless Forward Air from any and all claims, actions, losses, expenses, fines, fees, verdicts, judgments, or any other damages, obligations, or liabilities, including attorneys' fees, arising pursuant to the services provided to Forward Air which occur after acceptance of the load by Underlying Carrier," and where the accident occurred after Hill Top Logistics accepted the load, TQL is contractually bound to provide a defense and indemnify Forward Air against the plaintiffs' claims.

WHEREFORE, Forward Air demands judgment against TQL for indemnification with respect to any damages which may be recovered against them, together with attorney fees, interest and costs under the general principles of indemnity.

## COUNT II: COMMON LAW INDEMNITY

22. Forward Air repeats the allegations set forth in paragraphs 1 through 21 above and refers to the same as if specifically set forth herein.

23. Forward Air is without fault in this matter and is being compelled by the plaintiffs to answer vicariously for TQL's failure to ensure that its Underlying Carrier, Hill Top Logistics, maintained its truck's service brakes in good repair.

24. As the direct and proximate result of TQL's negligence, the decedent allegedly suffered injuries, damages, and conscious pain and suffering, thus exposing Forward Air to potential derivative or vicarious liability to the plaintiffs.

25. Forward Air was not in equal fault with TQL and/or Hill Top and in no way participated in TQL and/or Hill Top's negligence. Forward Air is therefore entitled to be indemnified in full by TQL.

26. If the decedent suffered damages as alleged in the plaintiffs' complaint, which Forward Air denies, then Forward Air is entitled to common law indemnity from TQL.

WHEREFORE, Forward Air demands judgment against TQL for indemnification with respect to any damages which may be recovered against them, together with attorney fees, interest and costs under the general principles of indemnity.

## COUNT III: CONTRIBUTION

27. Forward Air repeats the allegations set forth in paragraphs 1 through 26 above and refers to the same as if specifically set forth herein.

28. The plaintiffs' damages were the direct and proximate result of TQL's negligence. If Forward Air is liable in tort to the plaintiff, which it denies, then TQL is jointly liable in tort for the same damages. Forward Air is therefore entitled to contribution from TQL under G. L. c. 231B.

WHEREFORE, Forward Air demands judgment against TQL for all sums which the plaintiffs may recover against Forward Air, plus attorney fees, interest and costs under the general principles of contribution.

## JURY DEMAND

Forward Air demands a trial by jury as to all issues so triable.

>Respectfully submitted,
>Defendant,
>FORWARD AIR, LLC,
>By its attorneys,
>
>*/s/ Brian C. Davis*
>Brian C. Davis, BBO # 685786
>George E. Clarke, BBO # 713990
>Melick & Porter, LLP
>One Liberty Square, 7th Floor
>Boston, Massachusetts 02109
>Telephone: (617) 523-6200
>Facsimile: (617) 523-8130
>bdavis@melicklaw.com
>gclarke@melicklaw.com

Date: February 12, 2025

## CERTIFICATE OF SERVICE

    I, Brian C. Davis, hereby certify that I have, on this day, served a true and accurate copy of the foregoing document upon all counsel of record through the CM/ECF system.

                                                           */s/ Brian C. Davis*
                                                           Brian C. Davis

Date:  February 12, 2025